# CHAPTER 13 NARRATIVE STATEMENT OF PLAN

RE:   ROBERT AND REBECCA ANDERSON, III                    CASE NO:

<u>PAYMENT TO THE TRUSTEE</u> shall be made from the debtor's employer as set fourth below:

THE DEBTOR PROPOSES TO PAY $650.00 PER MONTH TO THE TRUSTEE.

EMPLOYER INFORMATION:

DEBTOR IS PAID:

THE FIRST PAYMENT WILL BE MADE TO THE TRUSTEE WITHIN 30 DAYS FROM THE DATE THIS PLAN IS FILED.

<u>PLAN LENTGTH</u>:

The debtor proposes to pay all disposable income into the plan for the benefit of unsecured creditors for no less than 36 months (unless unsecured are being paid 100%). The plan length will not exceed 60 months.

The debtor(s)' plan length is 60 months.

I.  <u>ADMINISTRATIVE COSTS</u>:

- TRUSTEE'S FEES AND EXPENSES
- ATTORNEY FEES to be paid through the Plan:  $1850.00
  ATTORNEY FEES paid by debtor **prior** to filing:  $650.00

II. <u>LONG TERM DEBTS</u>:

   The following debts will extend beyond the length of the plan. During the plan, the Trustee is to pay the regular, continuing monthly contract payment. If the claim is already in default, the Trustee will pay an additional sum each month until the default has been cured, in accordance with 11 U.S.C. §1322(b)(5). Upon completion of the Plan, the debtor will resume payments on such claims pursuant to the terms of the original agreement.

|  |  |  | AMT PER MONTH |
|---|---|---|---|
| <u>CREDITOR</u> | <u>REGULAR PYMNT</u> | <u>ARREARAGE</u> | <u>TO CURE AREARAGE</u> |

1

III. <u>SECURED DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN</u>:

Secured creditors who will retain their liens and be paid the value of their collateral or the amount of their debt, whichever is less, shall be paid as follows:

| <u>CREDITOR</u> | <u>DEBT</u> | <u>VALUE</u> | <u>INT. RATE</u> | <u>MO. PYMT</u> |
|---|---|---|---|---|

ANY AMOUNT CLAIMED BY THE CREDITOR THAT EXCEEDS THE VALUE OF THE COLLATERAL WILL BE TREATED AS A NONPRIORITY UNSECURED CLAIM.

IV. <u>PROPERTY TO BE SURRENDERED</u>:

The following are creditors to whom the debtor surrenders the property securing the claim in accordance with 11 U.S.C. §1325(a)(5)(C).  **No further payments are to be made to the creditor on the secured claim; however, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.**

| <u>CREDITOR</u> | <u>DESCRIPTION OF PROPERTY</u> |
|---|---|

V. <u>PRIORITY DEBTS</u>

Priority debts shall be paid in full in accordance with 11 U.S.C. § 1322(a)(2), **unless Otherwise indicated in this plan.**

State of Arkansas – The debtors shall pay $500.00 per month on the tax arrearage of $45,00.00. This claim shall draw no interest or penalties during the life of the Plan.  Any remaining balance on any priority taxes at the close of the Plan shall survive the Plan.

VI. <u>NONPRIORITY UNSECURED DEBTS</u>:

CLAIMS SHALL BE PAID 100% UNLESS A DIFFERENT TREATMENT IS INDICATED BELOW:
( )   Unsecured creditors shall be paid a definite percentage of their claims as filed

2

and allowed by the court.  That percentage is    %.

( x )    Unsecured creditors shall receive a prorata dividend from funds remaining after payment of administrative, long term secured/unsecured, secured priority, child support and special nonpriority unsecured claims.

VII. SPECIAL NONPRIORITY UNSECURED DEBTS:

The following consumer debts shall be paid prior to other unsecured debts. The reason for this special treatment is stated below.  Claims shall be paid 100% unless a different treatment is indicated.

CREDITOR              DEBT    INT. RATE   MO. PYMT     REASON

VIII. DEBTS WHICH ARE NOT TO BE PAID BY THE TRUSTEE:

The only debts which may be paid in this manner are:
1. the home mortgage, if current
2. lease payments, if current
3. child support payments by court order
4. debts which are actually being paid by someone other than the debtor from property that is not property of the estate.

CREDITOR            DESCRIPTION OF PROPERTY/NATURE OF OBLIGATION

Hibernia Mortgage          Debtors' home mortgage of $994.06 per month

IX. CHILD SUPPORT:

REGULAR PAYMENT:
ARREARAGE PAYMENT:
CREDITOR TO WHOM THE CHILD SUPPORT IS OWED:
DEBTOR HAS NO CHILD SUPPORT OBLIGATION  xx

X. EXECUTORY CONTRACTS:

The debtor ( ) assumes or ( ) rejects the following executory contract or unexpired lease. **If rejected, no further payments are to be made to the creditor on the contract or lease; however, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.**

CREDITOR            CONTRACT AND/OR DESCRIPTION OF LEASED PROPERTY

3

XI. <u>SALE OF ASSETS</u>:

The debtor proposes to sell the described real or personal property, after court approval and notice to creditors and the trustee, and will commit the proceeds as follows:

| PROPERTY | DATE BY WHICH SALE IS TO BE CONSUMMATED | TOTAL PROCEEDS | DISPOSITION OF PROCEEDS |
|---|---|---|---|
| | | | |

XII. <u>OTHER PROVISIONS</u>:

Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. § 1322(b)(10), are as follows:

The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the debtor shall remain in possession of all property of the estate.

Post-petition claims provided for under 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor and treated as though they were claims that arose before the commencement of the case.

**In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.**

In order to assist the debtor in performance of the plan, the trustee may from time to time grant refunds to the debtor as may be necessary to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the debtor.

4